IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMANUEL V. STEVENSON,

                      Petitioner,                                ORDER

     v.                                                                   08-cv-494-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                      Respondent.

---

Petitioner Emmanuel Stevenson, an inmate at the Waupun Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the $5 filing fee. The petition is before the court for preliminary review pursuant to 28 U.S.C. § 2254.

The subject of the petition is petitioner's 2004 conviction in the Circuit Court for Dane County for armed burglary with a dangerous weapon and armed robbery with the threat of force. Petitioner alleges that he is in custody in violation of his constitutional rights to effective assistance of counsel, fundamental due process, equal protection and reasonable search and seizure. Specifically, he claims that trial counsel was ineffective for the following reasons:

    1.    Failing to argue that the police obtained a warrant without probable cause and "through illegal subterfuge;"

    2.    Stipulating to "the accusing accomplice take the stand at the preliminary hearing" and failing to object "to the prosecution telling the accuser to

         plea[d] the 5th [Amendment] so that he could use a hearsay witness," denying him the right to confront his accuser;

3. Failing to "appeal the decision [at] the preliminary hearing when accusing accomplice was not ordered to take the stand despite . . . evidence that hearsay witness committed perjury;"

4. Refusing petitioner's requests to file motions for an interlocutory appeal, bail reduction, speedy trial and dismissal of the case;

5. Not objecting to the trial court's finding that accusing accomplice unavailable, denying him his constitutional right to confront his accuser;

6. Failing to argue that his arrest was illegal on the ground that the police detective entered a third party residence without probable cause, knocking or a no-knock warrant;

7. Failing to argue that police detective lied about having probable cause in his own jurisdiction to justify entry into third-party residence without knocking;

8. Not challenging the photo lineup as suggestive;

9. Failing to notify him that the victim who identified him in court was his co-defendant's cousin, whom she failed to identify;

10. Failing to argue that the police detective altered the probable cause affidavit supporting the arrest warrant after it was notarized;

11. Not objecting to the fact that he was not brought before a judge within 48 hours of his arrest in violation of the rule announced in *Gerstein v. Pugh*, 420 U.S. 103 (1975);

12. Not providing him with statements helpful to his defense until ordered to do so after the trial;

13. Not impeaching a witness who testified that a person called him and told him not to testify on the grounds that the statement was uncorroborated and the witness did not save the phone number;

14. Failing to impeach "some of the witnesses" with discovery when they committed perjury;

15. Collaborating with the district attorney to reinstate petitioner's probation hold after being informed that his family was intending to post bail; and

16. Failing to argue prosecutorial misconduct when the prosecution failed to notify the court that the state's witnesses committed perjury at the preliminary hearing and trial.

In a seventeenth claim, petitioner alleges that the trial court denied him his constitutional right to due process by ignoring his request to represent himself or be part of his representation. Dkt. 1.

It appears that petitioner exhausted his state court remedies and filed his petition within the one-year limitations period. (Because the Wisconsin Supreme Court denied the petition for review on May 22, 2007, petitioner's limitation period expired on August 19, 2008. Although the court received the petition for filing on August 21, 2008, petitioner dated his petition August 19.)

Section 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The rules governing habeas petitions provide that the petition must specify all the grounds for relief available to the petitioner *and* state the facts supporting each ground. Rule 2©) of the Rules Governing Section 2254 Cases. The conclusory "notice pleading" permitted in civil suits is inadequate in habeas cases, because "the petition is expected to state facts that point to a 'real possibility of constitutional error."' Advisory Committee Note to Habeas Rule 4 (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). The petition must cross

"some threshold of plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

The petition fails to cross that threshold with respect to claims 4, 5, 12, 13, 14, 15 and 16. None of these claims provide enough facts from which to allow this court to conclude that his detention is illegal. In order to establish that he was denied effective assistance of counsel, petitioner must show both that counsel's performance was deficient and that he was prejudiced by his attorney's errors. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, petitioner must show that "there is a probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Moya-Gomez*, 860 F.2d at 764.

Petitioner has failed to allege how his attorney's refusal to file certain pretrial motions (claim 4) prejudiced him. In claim 12, petitioner discusses statements helpful to his defense. However, he does not identify the content of the statements, has not made clear whether his attorney just failed to give him the statements or refused to use them at trial and has not explained how either having or using the statements at trial would have changed the outcome. In claim 13, petitioner does not identify the witness at issue, the subject of his or her testimony or how his attorney's failure to impeach him or her prejudiced him. Claims 14 and 16 allege perjury but petitioner fails to identify the witnesses, their false statements or the resulting prejudice. Petitioner fails to show how the pre-trial probation hold affected the outcome of his trial or otherwise relates to the unlawfulness of his current confinement (claim 15).

4

Claim 5 relates to a witness, whom petitioner refers to as an "accusing accomplice." However, it is unclear at what point in the litigation petitioner is talking about–the preliminary hearing or trial. As discussed below, this distinction is important because petitioner does not have a constitutional right to the effective assistance of counsel at the preliminary hearing.

Before taking further action, I will provide petitioner an opportunity to supplement his petition with facts that show that his custody is unlawful. The court will reserve ruling on whether the state should respond to the remaining claims until it receives petitioner's response.

For petitioner's sake, I note that to be entitled to a writ of habeas corpus, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily, without reviewing the record at all, if it determines that the petition "raises a legal theory that is indisputably without merit." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

From the petition, it seems unlikely that petitioner will be able to show that he is entitled to relief on claims 2, 3 and possibly 5 because there is no constitutional right to effective assistance of counsel at a preliminary hearing. *Gerstein v. Pugh*, 420 U.S. 103, 122 (1975); *Young v. Duckworth*, 733 F.2d 482, 483 (7th Cir. 1984). Claim 11 also is in jeopardy. Petitioner alleges that he was not afforded a probable cause hearing within 48 hours of his arrest in accordance with *Gerstein*. However, even assuming that this were true, an illegal arrest is "an

insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings." *Sanders v. Israel*, 717 F.2d 422, 423 (7th Cir. 1983) (citations omitted). *See also Gerstein*, 420 U.S. at 119 (citations omitted) ("[We do not] retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. . . . a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."); *Matta-Ballesteros v. Henman*, 896 F.2d 255, 260 (7th Cir. 1990) (manner in which defendant brought to trial does not affect ability to try him).

Petitioner will have until October 20, 2008 in which to supplement his petition with facts supporting each ground for relief.

ORDER

IT IS ORDERED THAT petitioner will have until October 20, 2008 in which to supplement his petition with facts supporting the alleged grounds for relief and showing that his custody is unlawful. If petitioner fails to meet this deadline, the court will dismiss the petition for failure to prosecute.

Entered this 17th day of September, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge