IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMANUEL STEVENSON,

                Petitioner,                OPINION AND ORDER

      v.                                          08-cv-0494-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Emmanuel Stevenson, an inmate at the Waupun Correctional Institution, challenges his 2004 conviction in the Circuit Court for Dane County for armed burglary with a dangerous weapon and armed robbery with the threat of force. The charges arose from a bungled attempt by petitioner and three accomplices to enter a home and steal marijuana that was cached there. On September 17, 2008, United States Magistrate Judge Stephen Crocker reviewed the petition preliminarily, after which he ordered petitioner to supplement his habeas petition with facts supporting his claims for relief and showing that his custody is unlawful. Dkt. #6. After a number of extensions, petitioner has now complied with that order and submitted a 42-page supplement, dkt. #11, along with 32 exhibits, dkt. #12. The petition is now before the court pursuant to Rule 4 of the Rules Governing Section 2254 Cases for a determination whether the state must respond to it.

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

As the magistrate judge intimated in his September 17, 2008 order, petitioner's claims fail to point to the possibility that petitioner is in custody in violation of his constitutional rights. One of petitioner's primary complaints is that a detective was allowed to present hearsay statements of petitioner's accomplices at the preliminary hearing and that petitioner's lawyer was ineffective for failing to prevent this. However, a defendant has no constitutional right to confront witnesses at a preliminary hearing. Gerstein v. Pugh, 420 U.S. 103, 121 (1975); State v. Padilla, 110 Wis. 2d 414, 424-26, 329 N.W.2d 263 (Ct. App. 1982). Because a preliminary hearing is an informal procedure used merely to determine whether there is probable cause to believe the defendant committed a felony, the Constitution does not require that the defendant be provided with "the full panoply of adversary safeguards" afforded at trial, such as counsel and confrontation. Pugh, 420 U.S. at 119-122. Indeed, a defendant does not enjoy a constitutional right to a preliminary

hearing at all.  Odell v. Burke, 281 F.2d 782, 786 (7th Cir. 1960) (citations omitted). Accordingly, none of petitioner's claims regarding the conduct of his preliminary hearing, including his lawyer's failure to object to the hearsay evidence at the hearing and his failure to file an interlocutory appeal afterwards, present colorable constitutional claims.  Claims 2, 3, 5 and 16, as construed in the magistrate judge's order, will be dismissed for failure to state a claim.

Claims 1, 6, 7, 10 and 11 concern the legality of petitioner's arrest and detention. Petitioner contends that his lawyer was ineffective for failing to argue that his arrest was illegal because the arresting officers lacked probable cause and entered the home without knocking or obtaining a no-knock warrant and for not objecting to the fact that he was not brought before a judge within 48 hours after his arrest.  He also complains that his lawyer should have objected to the fact that the detective altered the probable cause affidavit by crossing out "City of Madison" and writing "DCSO" (which I presume is an acronym for Dane County Sheriff's Office) on the "Department" line of the form.  None of these allegations provides a basis for granting habeas relief.  "An illegal arrest . . . is an insufficient ground, standing alone, upon which to vacate a conviction in federal habeas proceedings." Sanders v. Israel, 717 F.2d 422, 432 (7th Cir. 1984) (citing United States v. Crews, 445 U.S. 463, 474 (1980) and Pugh, 420 U.S. at 119).  Notably, petitioner has not alleged that the police derived any evidence from the allegedly unlawful arrest or detention that was admitted against him at trial.  As the Court explained in Crews, 445 U.S. at 474:

> The exclusionary principle . . . delimits what proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness. Respondent is not himself a suppressible "fruit," and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by the police misconduct.

See also Hudson v. Michigan, 547 U.S. 586, 594 (2006) (remedy of suppression not available for violation of knock-and-announce rule). Similarly, the fact that petitioner was allegedly detained without being brought before a judge within 48 hours of his arrest does not void his subsequent conviction. Pugh, 420 U.S. at 119 ("a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause"). Finally, petitioner's suggestion that the detective committed some sort of constitutional violation by making a minor, non-substantive alteration to the probable cause affidavit is patently frivolous. Accordingly, this set of claims will be dismissed.

Claim 17 is frivolous, as well. Petitioner alleges that the trial court violated his right to due process by denying his request "to represent himself or act as co-counsel." Dkt. #11 at 42. As proof for this allegation, petitioner cites to the transcript from a February 4, 2004 hearing on his lawyer's motion to withdraw. The transcript shows that after the court had granted counsel's motion and informed petitioner that he would be getting a new lawyer from the public defender's office, petitioner asked the court whether he could act as co-counsel in his case. The court told petitioner that he would "need to discuss that with your next lawyer." Dkt. #12, App. E, at 8. The transcript refutes petitioner's suggestion that

petitioner requested permission to represent himself; it shows only that petitioner requested to act as co-counsel. The court did not deny that request, as petitioner contends, but merely told petitioner to discuss it with successor counsel. In any event, there is no constitutional right to the sort of hybrid representation that petitioner was seeking. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984).

In claim 4, petitioner complains that his lawyer failed to file certain non-evidentiary pretrial motions, including a motion for speedy trial, a motion for bail reduction and a motion to dismiss the case for lack of evidence. To establish that he was denied effective assistance of counsel, petitioner must show both that counsel's performance was deficient and that he was prejudiced by his attorney's errors. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, he must show that "there is a probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Petitioner has failed in his supplement to allege any facts from which a court could find that his lawyer's failure to file the motions identified above prejudiced the outcome of his trial. The only motion that could have had any bearing on the outcome of petitioner's trial, at least in theory, was the speedy trial motion. However, petitioner does not claim that any of his witnesses disappeared or that his defense was impaired in any manner by his lawyer's failure to file the motion; he makes only the conclusory assertion that the delay allowed the government to bolster its case by adding more witnesses against him. "'Prejudice' is not caused by allowing the Government properly to strengthen its case, but

5

rather by delays intended to hamper defendant's ability to present his defense." United States v. Tedesco, 726 F.2d 1216, 1221 (7th Cir. 1984).  Further, a review of the circuit court's electronic docket sheet, available at http://wccawicourts.gov (search Dane County case 2003CF002631), show that petitioner was charged on November 17, 2003 and tried less than seven months later, on June 2, 2004.  Prejudice cannot be presumed from this relatively brief delay.  Doggett v. United States, 505 U.S. 647, 651 n.1 (1992) ("Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."); Hogan v. McBride, 74 F.3d 144, 145 (7th Cir. 1996) (eight month delay between charge and trial not presumptively prejudicial).

In claim 15, petitioner contends that his lawyer was ineffective for collaborating with the district attorney to reinstate petitioner's probation hold after learning that petitioner's family was intending to post bail.  Again, however, petitioner has not shown what effect this had on the outcome of his trial.  He asserts only that if he had been released on bail, he would have been able to hire his own lawyer.  I infer that petitioner is contending that a privately-retained lawyer would have mounted a successful defense to the charges.  Like many of his other claims, this is nothing but speculation, which is not enough to meet Strickland's prejudice prong.

This leaves claims 8, 9, 12, 13 and 14.  Claims 9, 12, 13 and 14 are claims of ineffective assistance of counsel in which petitioner alleges that his lawyer did not do enough

6

to impeach various witnesses at trial. The state will not be ordered to respond to claim 13, in which petitioner argues that his lawyer should have "fought harder" to prevent one of his accomplices from testifying that over the weekend before trial, petitioner had called him and told him not to testify against him. Petitioner suggests that the jury should not have been allowed to hear this evidence because it was not "corroborated," noting that the witness stated that he had erased the number from his phone. However, whether evidence is corroborated is a factor bearing on its weight, not its admissibility. Petitioner's lawyer did not perform deficiently in failing to argue that the evidence was inadmissible.

In claims 9, 12 and 14, petitioner argues that counsel failed to impeach various witnesses with police reports that showed that several of the witnesses knew each other and that some had been in contact with each other prior to trial, contrary to their testimony. He also contends that his lawyer should have called petitioner's mother and sister to testify to refute certain aspects of two of the state's witnesses. According to petitioner, more diligent efforts by his lawyer would have shown that several of the witnesses knew each other or lied when they said they had not discussed the case before trial.

As noted previously, to succeed on his Strickland claim, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Showing that a lawyer's errors might possibly have had a "conceivable effect" on the

7

outcome of the case is not enough to show prejudice. Sullivan v. Fairman, 819 F.2d 1382, 1391 (7th Cir. 1987) (citing Strickland, 466 U.S. at 693).

Giving petitioner the benefit of all reasonable doubt, I am convinced from the portions of the transcript that he has submitted and the supplement to his petition that he cannot establish prejudice under Strickland. Even assuming for the sake of argument that his lawyer performed deficiently, nothing in petitioner's submissions suggests that the alleged omissions by counsel had any effect on the outcome of petitioner's trial. Petitioner's three co-defendants all pleaded guilty and testified against him at trial. Without more, the mere fact that they knew each other and might have had the opportunity to talk to each other before they testified does little to undermine the credibility of their testimony that petitioner was an accomplice. Notably, petitioner does not suggest that he had a valid alibi or suggest any reason why his co-defendants would seek to falsely implicate him in the crime. Petitioner offers only his own hopes and speculations that things "might have been different" if only his lawyer had asked certain questions. A theoretical possibility of a different outcome is not enough. "[T]he United States Constitution does not guarantee a perfect trial, only a fair trial." United States v. Harris, 271 F.3d 690, 704 (7th Cir. 2001) (emphasis added).

Finally, in claim 8, petitioner alleges that his lawyer was ineffective for failing to argue the undue suggestiveness of a photo array from which one of petitioner's accomplices, Ariel Bolanos, identified him. Petitioner appears to be contending that the police lacked probable

cause to arrest him because the photo array shown to Bolanos was suggestive. However, the police's use of a suggestive photo array or other pre-charge identification procedure does not in itself violate the Constitution, Manson v. Brathwaite, 432 U.S. 98, 113 (1977); it is only when that evidence or its taint is admitted at trial that the defendant's constitutional rights are implicated. Hensley v. Carey, 818 F.2d 646, 649 (7th Cir. 1987) (due process violation does not occur unless improper identification has some prejudicial impact on accused's defense). Petitioner does not allege that the state presented evidence of Bolanos's pretrial identification at trial or that any valid basis existed for arguing that Bolanos's in-court identification of petitioner at trial was so tainted by the allegedly suggestive identification procedure that it rendered his in-court identification so unreliable as to be inadmissible. Neil v. Biggers, 409 U.S. 188, 189 (1972) (identifying factors to be considered in evaluating likelihood of misidentification). Absent any allegation that the allegedly suggestive pretrial photo identification procedure affected the fairness of petitioner's *trial* as opposed to merely the propriety of his arrest, petitioner has no plausible claim of ineffective assistance of counsel on the basis of counsel's failure to challenge the pretrial identification procedure.

ORDER

IT IS ORDERED that the petition of Emmanuel Stevenson is DISMISSED WITH PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Entered this 28th day of January, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge