IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EMMANUEL STEVENSON,

       Petitioner,        ORDER

  v.               08-cv-494-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

       Respondent.

---

  Emmanuel Stevenson has filed a notice of appeal from this court's order and judgment entered February 28, 2009, dismissing his application for a writ of habeas corpus. In the order, I found that none of the 17 claims that petitioner raised in his habeas petition presented a cognizable claim for relief. Petitioner seeks a certificate of appealability on all 17 claims.

  A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893, n.4 (1983)). Petitioner cannot make this showing. As I explained in detail in the February 28

order, although errors may have been committed in connection with petitioner's arrest, detention and preliminary hearing, none of those errors implicated any of petitioner's constitutional rights. Petitioner's other claims, which alleged various instances of ineffective assistance of counsel, failed because petitioner could not show that he was prejudiced by his lawyer's alleged errors. Having reviewed the February 28 order and petitioner's motion for a certificate of appealability, I am convinced that reasonable jurists would not debate these conclusions. Had the issues been debatable, I would have ordered the state to respond to the petition.

The next question is whether petitioner is entitled to proceed in forma pauperis on appeal. In addition to finding that petitioner is indigent, this court must find that petitioner is taking his appeal in good faith. 28 U.S.C. § 1915(a)(3). To find that an appeal is in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Although this is a less demanding standard than that for determining whether to issue a certificate of appealability, I find that petitioner is unable to meet it. I do not doubt that petitioner sincerely believes his claims have merit; however, that belief is not reasonable. In large part, it rests on a lack of understanding of federal law. Accordingly, I will deny his request for leave to proceed in forma pauperis on appeal.

Finally, petitioner has submitted a letter in which he expresses confusion about how he is to complete the Seventh Circuit Transcript Information sheet that was mailed to him

by the clerk with the appeal information packet. Petitioner should write the case caption and case number (from this court) on the form and check the box indicating that he is not requesting a transcript. Then he should return the form to *this* court, not the court of appeals.

ORDER

IT IS ORDERED that:

1. Petitioner's request for a certificate of appealability is DENIED. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant may request a circuit judge to issue the certificate.

2. Petitioner's request for leave to proceed in forma pauperis is DENIED because I certify that his appeal is not taken in good faith. If petitioner wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5).

Entered this 2nd day of April, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge